Case No. _2009-CV-0311_

Date Filed _2|12|09_

Superior Court ☑

Georgia, Columbia County

_Diane Jones_

_____ Plaintiff

Attorney's Address

James C. Overstreet, Jr.
#7 George C. Wilson Ct.
Augusta, GA 30909

VS.

National Action Financial
Services, Inc.
_____ Defendant

Name and Address of Party to be Served

C.T. Corporation System
Registered Agent for National Action Financial Services, Inc.
1201 Peachtree Street, N.E.
Atlanta, GA 30361

_____ Garnishee

Fulton County, GA

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☒

Served the defendant _National Action Financial Services_ _____ a corporation

by leaving a copy of the within action and summons with _____

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _____ day of _____, _____

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

White - Court Copy
Canary - Attorney Copy
Pink - Defendant Copy

CSC-2 Rev. 85  Phoenix-Commercial Printers



IN THE SUPERIOR COURT OF COLUMBIA COUNTY

STATE OF GEORGIA

Diane Jones

CIVIL ACTION,
NUMBER _____

_____
PLAINTIFF

VS.

National Action Financial
Services, Inc.

SERVICE
COPY

CLERK OF SUPERIOR &
JUVENILE COURTS
FILED FOR RECORD
COLUMBIA COUNTY GEORGIA
2009 FEB 12  AM 9: 08

_____
DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

James C. Overstreet, Jr.
#7 George C. Wilson Court
Augusta, GA 30909

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___12th___ day of ___February___, 20 09 .

CINDY MASON
Clerk of Superior Court

By _____
        Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

CARL C. BROWN, JR

CLERK OF SUPERIOR &
JUVENILE COURTS
FILED FOR RECORD

IN THE SUPERIOR COURT OF COLUMBIA COUNTY
STATE OF GEORGIA
CIVIL ACTION NO.:

2009 FEB 12  AM 9: 08

CINDY MASON, CLERK
COLUMBIA COUNTY, GEORGIA

2009CV0311

DIANE JONES,            )
    Plaintiff,          )
                        )
v.                      )
          ¿             )
                        )        SERVICE
NATIONAL ACTION FINANCIAL )      COPY
SERVICES, INC.,         )
    Defendant.          )

## COMPLAINT

COMES NOW, Diane Jones, Plaintiff in the above proceeding, and files her Complaint and shows this Court the following,

### Jurisdiction and Venue

1.     National Action Financial Services, Inc. ("Defendant") is a corporation organized and existing under the laws of the State of Georgia and may be served summons and a copy of this Complaint by serving its registered agent, **C.T. Corporation System, Registered Agent for National Action Financial Services, Inc., 1201 Peachtree Street NE, Atlanta, Fulton County, Georgia 30361.**

2.     Defendant is engaged in the debt collection business. This Complaint concerns repeated communication from the Defendant to Plaintiff at her residence in Columbia County, Georgia in an attempt to collect a debt. By doing so, Defendant engaged in business within the County of Columbia and State of Georgia, and thus venue and jurisdiction are proper pursuant to the Georgia Civil Practice Act.

3.     This action involves violations of federal law, more specifically, The Fair Debt Collections Practices Act, 15 U.S.C. § 1692, and thus subject matter jurisdiction is proper.

## Facts

4.     On or before January 15, 2009, employees of Defendant telephoned Plaintiff attempting to collect a debt allegedly owed to Care Credit ("Debt").

5.     Such communication was the first (initial) communication by Defendant. Defendant has never forwarded Plaintiff any communication in writing.

6.     During such January 15, 2009 conversation, both Plaintiff and her husband, Ron Jones, explained to Defendant that Plaintiff was handicapped, fully disabled, and suffering from dementia. Plaintiff and her husband further requested that Defendant not call their home any more regarding Debt.

7.     Notwithstanding such request, employees identifying themselves as Ms. Malone, Mr. Lynch, Mr. Cook, Ret Kahle and/or others continued to telephone Plaintiff and her husband and demand payment for the alleged debt on: January 16, 2009; January 19, 2009; January 20, 2009; January 21, 2009; January 24, 2009 (at 1:54 PM); January 28, 2009 (at 10:15 AM); February 3, 2009 (at 6:25 PM); February 4, 2009 (at 1:05 PM); and February 5, 2009 (at 3:43 PM). According to the caller id in Defendant's home, the originating number for each contact by Defendant was "1-800-697-4976."

8.     At various times during the above communications, Defendant spoke freely with Plaintiff's husband regarding the fact that Defendant was a debt collector, that Defendant was trying to collect a debt from Plaintiff, and the details of the debt.

9.     During every single conversation with Defendant, Plaintiff and her husband again repeated their requests that Defendant stop contacting them. In response to one such request, employee Ret Kahle replied that he would continue to call as often as he wished.

### Count One – Communication in Connection With Debt Collection - 15 U.S.C. § 1692c

10.     Plaintiff hereby restates and incorporates fully paragraphs 1 through 9 as if though fully stated herein.

11.     Debt is a "consumer debt" as that term is defined at 15 U.S.C. § 1692, *et seq.*

12.     Defendant is a "debt collector" as that term is defined at 15 U.S.C. § 1692, *et seq.*

13.     15 U.S.C. § 1692c(a)(2) provides that a debt collector may not communicate with a debtor at a time or place which should be known to the debt collector to be inconvenient to the debtor.

14.     15 U.S.C. § 1692c(b) prohibits communication by a debt collector with regards to a debt with third parties unless expressly consented to by the debtor.

15.     15 U.S.C. § 1692c(c) provides that upon the request of the debtor, the debt collector shall cease all future communications with the debtor regarding collection of the debt.

16.     The actions of Defendant as set forth herein are in direct contravention of, and in direct violation of, the various provisions of 15 U.S.C. § 1692c. Plaintiff has suffered actual damages in an amount to be proved at trial as a result of such violations for which Plaintiff is entitled to judgment against Defendant.

### Count Two – Harassment or Abuse – 15 U.S.C. § 1692d

17.     Plaintiff hereby restates and incorporates fully paragraphs 1 through 16 as if though fully stated herein.

18.     15 U.S.C. § 1692d(5) expressly prohibits the actions by a debt collector of which the natural consequence is to harass, oppress, or abuse any person in the connection with the collection of a debt. Specifically, such section prohibits the causing of a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass

any person at the called number.

19.     The actions of Defendant as set forth herein are in direct contravention of, and in direct violation of, the various provisions of 15 U.S.C. § 1692d. Plaintiff has suffered actual damages in an amount to be proved at trial as a result of such violations for which Plaintiff is entitled to judgment against Defendant.

### Count Three – False or Misleading Representations – 15 U.S.C. § 1692e

20.     Plaintiff hereby restates and incorporates fully paragraphs 1 through 19 as if though fully stated herein.

21.     15 U.S.C. § 1692e(11) requires certain disclosures to be made by the debt collector during every communication with a debtor. Defendant has failed to make such disclosures in many (if not all) of the communications referenced herein.

22.     The actions of Defendant as set forth herein are in direct contravention of, and in direct violation of, the various provisions of 15 U.S.C. § 1692e. Plaintiff has suffered actual damages in an amount to be proved at trial as a result of such violations for which Plaintiff is entitled to judgment against Defendant.

### Count Four – Validation of Debts – 15 U.S.C. § 1692g

23.     Plaintiff hereby restates and incorporates fully paragraphs 1 through 22 as if though fully stated herein.

24.     15 U.S.C. § 1692g(a) provides that within five (5) days after the initial communication with a consumer in connection with the collection of any debt, the debt collector must make certain written disclosures (unless such disclosures are contained in writing in the initial communication).

25.     Defendant has failed to any make the disclosures as required by 15 U.S.C. § 1692g(a).

26. The actions of Defendant as set forth herein are in direct contravention of, and in direct violation of, the various provisions of 15 U.S.C. § 1692e. Plaintiff has suffered actual damages in an amount to be proved at trial as a result of such violations for which Plaintiff is entitled to judgment against Defendant.

### Count Four - Intentional Infliction of Emotional Distress

27. Plaintiff hereby restates and incorporates fully paragraphs 1 through 26 as if though fully stated herein.

28. The actions of Defendant were willful, wanton, and malicious.

29. As a result of the actions of Defendant, Plaintiff has been damaged in that she has experienced nervous shock and fright.

30. Where the action is "not for a mere negligent tort, but . . . for a positive and willful wrong, and in such case the Plaintiff may recover for nervous shock and fright, with or without a resulting physical injury," Atlanta Hub Company, Inc. v. Jones, 47 Ga. App. 778, 780, 171 S.E. 470 (1933).

31. Plaintiff is entitled to recover damages in amount to be proved at trial for the emotional distress caused by the willful and intentional tortious actions of Defendant.

### Count Five - Punitive Damages and Attorney's Fees

32. Plaintiff hereby restates and incorporates fully paragraphs 1 through 31 as if though fully stated herein.

33. Defendant's misconduct was willful and malicious and constitutes an intentional tort, and therefore punitive damages are appropriate pursuant to O.C.G.A. § 51-12-5.1 in order to punish Defendant and deter future like conduct.

34. Defendant's misconduct was willful and malicious and constitutes an intentional tort,

and Plaintiff has had to employ an attorney in order to enforce her rights, and therefore an award of a reasonable attorney's fee is appropriate.

WHEREAS, Plaintiff respectfully requests that this Court,

    a.    Award statutory damages in the amount of $1,000.00 against Defendant and in favor of Plaintiff in an amount to be proved at trial; and

    b.    Award actual damages in an amount to be shown at trial against Defendant and in favor of Plaintiff for damages sustained as a result of Defendant's actions; and

    c.    Award punitive damages against Defendant and in favor of Plaintiff in an amount sufficient to deter future like conduct; and

    d.    Award a reasonable attorney's fee to Plaintiff and against Defendant; and

    e.    Tax all costs of bringing and maintaining this action against Defendant; and

    f.    Issue such other and further relief as this Court deems necessary and proper.

Submitted this 11th day of February, 2009.

James C. Overstreet, Jr.
Georgia Bar No.: 556005

KLOSINSKI OVERSTREET, LLP
#7 George C. Wilson Court
Augusta, Georgia 30909
706-863-2255